1  Kasey L. Bond (SBN 336877)
   KEATING MUETHING & KLEKAMP PLL
2  One East Fourth Street, Suite 1400
   Cincinnati, OH 45202
3  Phone:  513-579-6491
   Fax: 513-579-6457
4  kbond@kmklaw.com

5  Attorney for Plaintiffs, Coco Republic, Inc. and Coco Republic US, LLC

6

7              UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
8                    [WESTERN DIVISION]

9  **COCO REPUBLIC, INC.**
   **3225 Helms Ave.**
10 **Los Angeles, CA 90034**                 Case No. 23-5865

11 **COCO REPUBLIC US, LLC**
   **3225 Helms Ave.**                       (Judge _____)
12 **Los Angeles, CA 90034**

13                          Plaintiff,
            -v-
14
   **Evan Cole**
15 **684 Firth Ave.**                        **COMPLAINT FOR TRADEMARK**
   **Los Angeles, CA 90049**                 **INFRINGEMENT AND OTHER RELIEF**
16
   and
17
   **Ethan Cole**
18 **427 West 5th Street**
   **Apt 1017**
19 **Los Angeles, CA 90013**
   **United States**
20
   and
21
   **Alan Cole**
22 **8017 Norton Ave Apt 306**
23 **West Hollywood, CA 90046**

24 and

25 **H.D. Buttercup L.P.**
   **5880 E Slauson Ave.**
26 **Commerce, CA 90040**

27      **Defendants.**
28

COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF

Plaintiffs, Coco Republic, Inc. and Coco Republic US, LLC ("Plaintiff" or "Coco Republic"), for its Complaint against Defendants Evan Cole, Ethan Cole, Alan Cole, and H.D. Buttercup L.P. (collectively, "Defendants"), states as follows.

## NATURE OF THE ACTION

1. This is a civil action for breach of contract, trademark infringement, false advertising, and unfair competition arising under federal, state, and common law. Plaintiff brings this action against Evan Cole for breach of his contractual agreement not to engage in competition against Plaintiff. Plaintiff further brings this action against H.D. Buttercup, L.P., Evan Cole, Alan Cole, and Ethan Cole ("Defendants") because Defendants are unlawfully advertising, marketing, selling, and distributing furniture and related home furnishings in violation of Plaintiff's trademark rights. Plaintiff seeks to enjoin Defendants' wrongful acts, to recover damages and Defendants' profits (in amounts to be increased), and to secure other relief, including attorneys' fees and costs.

## PARTIES AND JURISDICTION

2. Plaintiff Coco Republic, Inc. is a Delaware corporation with its principal place of business located at 3225 Helms Ave. Los Angeles, CA 90034 and is the sole member of Plaintiff, Coco Republic US, LLC.

3. Plaintiff Coco Republic, US LLC is a Delaware limited liability with its principal place of business located at 3225 Helms Ave. Los Angeles, CA 90034.

4. Defendant Evan Cole is an individual residing at 684 Firth Ave, Los Angeles, California, 90049.

5. Defendant Ethan Cole is an individual residing at 427 West 5th Street, Apartment 1017, Los Angeles, CA 90013.

6. Defendant Allen Cole is an individual residing at 8017 Norton Ave., Apartment 306, West Hollywood, CA 90046.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF

7. Defendant H.D. Buttercup L.P. is a Texas limited partnership with its principal place of business located at 5880 E Slauson Ave. Commerce, CA 90040.

8. This action arises, in part, under the federal Trademark Act, 15 U.S.C. §§ 1051, et seq., and under the related laws of the state of California.

9. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Lanham Act claims.

10. This court has personal jurisdiction over Defendants, H.D. Buttercup, L.P., Evan Cole, Alan Cole, and Ethan Cole, and venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c).  Defendants, Evan Cole, Alan Cole, and Ethan Cole reside and do business in this District, Defendant H.D. Buttercup, L.P. is doing business in this District, and a substantial portion of Defendants' unlawful activities has taken place in this District.

**BACKGROUND**

11. Defendant H.D. Buttercup, L.P. (hereinafter "H.D. Buttercup L.P."), is a Texas limited partnership that was previously in the business of the retail sale of furniture, art, lighting, and other home furnishing to consumers and design professionals through its retail stores and direct to consumers via e-commerce sale (the "Business").

12. Defendant Evan Cole is the 99% limited partner of H.D. Buttercup, L.P. and the sole shareholder of the EC Properties Inc., a Texas corporation, which is the 1% general partner of H.D. Buttercup, L.P.

13. Evan Cole created and launched the H.D. Buttercup brand for furniture in May of 2005.

Case 2:23-cv-05865   Document 1   Filed 07/20/23   Page 4 of 18   Page ID #:4

14. Over time, the brand became well known among wealthy, discerning, and fashion-forward consumers of furniture as a high-end, well-made, cutting edge, and reputable furniture brand. The brand catered to, among others, a celebrity clientele, and Evan Cole would market the brand by, for example, throwing lavish parties to celebrate the opening of new retail locations, such as the one in Los Angeles which opened in the fall of 2015, an event which was covered by The Hollywood Reporter. See, https://www.hollywoodreporter.com/lifestyle/style/hd-buttercup-throws-party-new-848197/.

15. On 13 November 2007, Evan Cole registered H.D. BUTTERCUP, Registration No. 3335683 for, *inter alia*, retail store services featuring furniture and home furnishings. A copy of the registration certificate for Registration No. 3335683 is attached hereto and made of record as Exhibit 1.

16. On 4 December 2018, Evan Cole registered H.D. BUTTERCUP (stylized), Registration No. 5623036 for, *inter alia*, retail store services featuring furniture and home furnishings. A copy of the registration certificate for Registration No. 5623036 is attached hereto and made of record as Exhibit 2.

17. The drawing in Registration No. 5623036 depicts the H.D. BUTTERCUP trademark in the following, stylized form:



18. Registration Nos. 3335683 and 5623036 are hereinafter referred to as the "H.D. BUTTERCUP Marks." A Section 8 (use) and 15 (incontestability) Affidavit was filed against Registration No. 3335683 on 16 October 2013 and acknowledged on 30 October 2013. A Section 8 (use) and 9 (renewal) Affidavit was filed against Registration No. 3335683 on 11 May 2018 and

COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF

4

accepted on 24 November 2018. Copies of the aforementioned maintenance documents, as well of status copies of the registrations for the H.D. BUTTERCUP Marks, are attached hereto and made of record as Exhibit 3.

19. Upon information and belief, H.D. Buttercup, L.P. and Evan Cole used the H.D. BUTTERCUP Marks continuously, exclusively, and without interruption since at least as early as the dates of first use set out in Registration Nos. 3335683 and 5623036, respectively (i.e., May of 2005), until 1 October 2021.

20. Plaintiff Coco Republic, Inc. (hereinafter "Coco Inc."), is the parent company and sole member of subsidiary Coco Republic US, LLC, (hereinafter "Coco LLC") a Delaware limited liability company, operating in the retailing selling of quality furniture and homewares.

21. On October 1, 2021, Coco Republic entered into an Asset Purchase Agreement with H.D. Buttercup, L.P. and Evan Cole. (the "Asset Purchase Agreement"), attached hereto and made a record as Exhibit 4.

22. The assets purchased by Coco Republic included substantially all assets primarily used in the Business, upon the terms and conditions of the Asset Purchase Agreement (the "Acquired Assets").

23. Coco Republic specifically acquired from Evan Cole and H.D. Buttercup, L.P. all intellectual property uses in the Business and all goodwill gained from the Business, as well as all goodwill in the Acquired Assets as identified in the Asset Purchase Agreement.

24. The Asset Purchase Agreement further identified a comparatively smaller number of assets retained by Evan Cole and H.D. Buttercup, L.P., including an excess inventory of furniture and other furnishings not essential to the Business' operation (the "WeWork Inventory"), which was excluded from the asset purchase, as the type and quality of the WeWork Inventory failed to meet the high standards for quality consumers had come to expect from the H.D. BUTTERCUP brand.

25. Pursuant to the Asset Purchase Agreement, H.D. Buttercup, L.P. assigned all right, title, and interest in and to, among others, the H.D. BUTTERCUP Marks, along with the goodwill associated therewith, to Coco LLC.

26. In connection with the Asset Purchase Agreement, H.D. Buttercup, L.P. entered into a separate Trademark Assignment whereby the H.D. BUTTERCUP Marks were assigned to Coco LLC (the "Trademark Assignment"). The Trademark Assignment was recorded with the U.S. Patent & Trademark Office on 1 October 2021 at Reel/Frame 7439/0509. A copy of the Trademark Assignment as-recorded is attached hereto and made of record as Exhibit 5. Accordingly, the record owner of the H.D. BUTTERCUP Marks is Coco LLC.

27. In the Asset Purchase Agreement, H.D. Buttercup, L.P. and Evan Cole jointly and severally represented to Coco Republic that H.D. Buttercup, L.P. was the "sole and exclusive owner of the H.D. BUTTERCUP Marks…free and clear of all [e]ncumbrances." In addition, H.D. Buttercup, L.P. and Evan Cole jointly and severally represented to Coco Republic that "to the Knowledge of H.D. Buttercup, L.P., neither H.D. Buttercup, L.P. nor the operation of the Business infringes, misappropriates or otherwise violates the Intellectual Property of any other Person," and that "no Person is infringing, misappropriating or otherwise violating the H.D. BUTTERCUP Marks."

28. Further, in connection with, and as a specific condition of entered into the Asset Purchase Agreement, and acquiring the Business, Acquired Assets, and goodwill therein, Evan Cole agreed to enter into a Non-Competition and Non-Solicitation Agreement on 1 October 2021, as allowed under California Business & Professional Code §16601 (the "Non-Compete Agreement"), attached to this Complaint as Exhibit 6.

29. Per the terms of the Non-Compete Agreement, Evan Cole agreed for the period beginning on October 1, 2021 and continuing until October 1, 2026, that he shall not, without the prior written consent of Coco Inc. or as provided for in the Asset Purchase Agreement, directly or

indirectly engage in, become associated with or permit his name to be used in connection with a Competitive Activity in the United State of America and Australia.

30. "Competitive Activity" is defined in the Non-Compete Agreement as any business, individual, or entity in the business of the business of the retail and wholesale sale of furniture, art, lighting, rugs, home textiles, home décor items, and other home furnishings to consumers and design professionals and similar occurrences, and Evan Cole is defined to have become "associated with a Competitive Activity" if he becomes directly or indirectly involved as an owner, principal, employee, officer, director, independent contractor, representative, stockholder, financial backer, agent, partner, member, advisor, lender, consultant or in any other individual or representative capacity with any individual, partnership, corporation or other organization that is engaged in a Competitive Activity.

31. Evan Cole further agreed that a breach of the above summarized provisions of the Non-Compete Agreement would cause immediate and irreparable harm to Coco LLC for which an adequate monetary remedy does not exist, and that in the event of a breach of these terms of the Non-Compete Agreement, Coco LLC shall be entitled to injunctive relief restraining him from further violation without the necessity of proof of actual damage or the posting of any bond.

32. Beginning on October 1, 2021, and continuing without interruption to the present, Coco Inc. and Coco LLC have exclusively used the H.D. BUTTERCUP Marks on and in connection with furniture, accessories for the home, and the retail sale of such goods.

33. Among other things, Coco Inc. and Coco LLC advertise and promote the H.D. BUTTERCUP brand on the internet at *<hdbuttercup.com>*, on Twitter at *<twitter.com/hdbuttercup>*, on Facebook at *<facebook.com/HDButtercup>*, and on Instagram at *<instagram.com/hdbuttercup>*.

34. The H.D. BUTTERCUP trademark is valid, subsisting, and incontestable.

35. Further, following October 1, 2021 and for up to one year until October 1, 2022, Coco Republic agreed to permit Evan Cole to sell his WeWork Inventory and certain other inventory in the H.D. Buttercup store acquired pursuant to the Aseet Purchase Agreement via an online sales channel, with Coco Republic's assistance, and under specific negotiated terms and conditions so they could ensure such sales would neither unfairly compete with the acquired Business nor adversely affect the goodwill associated with the H.D. BUTTERCUP brand.

36. However, on or about January 19, 2023, Coco Republic learned Evan Cole was engaging in the retail sale of furniture and rugs possessed by Evan Cole and HD Buttercup, including the WeWork Inventory, had opened a retail store within Southern California, and was selling such products online ("Competing Activities"). These activities exceed the scope of the activities Coco Inc. had permitted (and in any event, the agreements which permitted such activities had since expired), and Coco Inc. did not authorize such Competing Activities in writing.

37. Upon information and belief, Evan Cole is presently engaging in these Competing Activities with the assistance of his brother, Alan Cole, and his nephew, Ethan Cole. Evan Cole, Alan Cole, and Ethan Cole are together running the retail store and advertising, marketing, and selling online the inventory described in Paragraph 35 herein, including the WeWork Inventory.

38. In connection with the Competing Activities, Coco Republic learned Defendants had begun using the H.D. BUTTERCUP Marks without authorization. In particular, Defendants had begun selling furniture and rugs under the H.D. BUTTERCUP Marks. The retail store opened by Defendants prominently displayed the H.D. BUTTERCUP Marks painted on the exterior of the retail store. Examples of the aforementioned use in the form of photographs of the exterior of the retail store are attached hereto and made of record as Exhibit [7]. A side-by-side comparison of the registered H.D. BUTTERCUP (stylized) mark and Defendants' use is set out below:



39. On January 19, 2023, Coco Inc. Chair of the Board, Peter Comisar, sent an email to Evan Cole putting him on notice that Defendants' conduct had been identified, the conduct was unauthorized and in violation of the Asset Purchase Agreement and Non-Compete Agreement, and such conduct should "immediately cease." A true and correct copy of the January 19, 2023 email is attached hereto and made of record as Exhibit 8.

40. In response to Peter Comisar's email, Evan Cole represented that he was not selling furnishings with the H.D. BUTTERCUP Marks, and that he would be painting over the H.D. BUTTERCUP Mark painted on the side of the building.

41. Upon information and belief, Defendants complied with Coco Republic's 19 January 2023 demands and removed the exterior signage on the retail store selling furniture and rugs.

42. Subsequently, on or about July 9, 2023, Coco Republic learned Defendants had once again begun using the H.D. BUTTERCUP Marks without authorization. In particular, Defendants had re-commenced the retail sale of furniture and rugs under the H.D. BUTTERCUP Marks. Among other things, Defendants opened a new retail store at a different location which prominently displayed

the H.D. BUTTERCUP Marks in the form of a neon sign on the exterior of the retail store. Coco Republic also learned Defendants had attached hangtags to various items of furniture and rugs which were being sold inside the retail store, and such hangtags prominently displayed the H.D. BUTTERCUP Marks. Examples of the aforementioned uses in the form of photographs of the exterior of the retail store and photos of the hangtags attached to the goods are attached hereto and made of record as Exhibit 9. A side-by-side comparison of the registered H.D. BUTTERCUP (stylized) mark Defendants' uses is set out below:







43. In addition, on or about July 9, 2023, Coco Republic learned Defendants had begun using the trademark, HERBERT, alongside the H.D. BUTTERCUP Marks in connection with the retail sale of furniture and rugs. The sign shown below is in use on the exterior of the retail store where the infringing uses of the H.D. BUTTERCUP Marks (immediately above) are also in use:



44. In addition, on or about May 10, 2023, Coco Republic learned Defendants had begun using the HERBERT brand in connection with the sale of furniture online at the domain, <herberthomeoffice.com>.

45. The HERBERT name is and has historically been intrinsically related to the H.D. BUTTERCUP brand. Specifically, the "H" in "H.D." is the initial for the name HERBERT. Upon information and belief, "Herbert D. Buttercup" was a fictitious designer of furniture and the original marketing inspiration for the HD BUTTERCUP brand. Notably, H.D. Buttercup L.P.s original corporate name was "Herbert D. Buttercup, L.P. and Evan Cole previously owned a U.S. federal trademark application for HERBERT D. BUTTERCUP, Serial No. 76/581234, which was filed on March 15, 2004 and abandoned on June 21, 2006.

46. Upon information and belief, Defendants intend to unlawfully use the H.D. BUTTERCUP Marks in conjunction with the HERBERT name in an attempt to establish, in the mind of the consumer, the HEBERT brand as an off-price, discount, or outlet brand affiliated with the H.D

Buttercup brand, similar to "Nordstrom Rack", "Sacks Off 5th", or RH (Restoration Hardware Outlet). Nevertheless, this "HERBERT" brand was not and is not approved by Coco Republic to be used or otherwise affiliated with the H.D Buttercup brand or H.D. BUTTERCUP Marks.

47. On the <herberthomeoffice.com> website, Ethan Cole is listed as the contact person under the email ethan@cooreproductions.com, and Ethan Cole's personal LinkedIn profile lists himself as the "Head of Wholesale" at HD Buttercup.

48. Ethan Cole was employed by HD Buttercup, L.P. when Evan Cole owned the H.D. BUTTERCUP Marks, and briefly after Coco Republic acquired the Business, but Ethan was terminated from his employment in December 2022. Since December 2022, Ethan Cole has not been employed by or affiliated with Coco Republic in any capacity.

49. In addition, the privacy policy on the <herberthomeoffice.com> website asks users to contact support@hdbuttercup.zendesk.com.

50. Despite Coco Republic's demands to abide by the terms of the Non-Compete Agreement and Asset Purchase Agreement, Evan Cole continues to engage in unfair and unlawful competition, both directly as well as indirectly through Ethan Cole and Alan Cole.

51. Upon information and belief, Defendants continue to make unauthorized use of the H.D. BUTTERCUP Marks in the manner described immediately above.

52. Upon information and belief, Defendants to hold themselves out as the source of genuine H.D. BUTTERCUP branded furniture and home furnishings.

53. Defendants' use of the H.D. BUTTERCUP Marks is likely to cause confusion, mistake, and deceive as to the source or origin of its goods and services on the one hand, and Coco LLC's goods and services on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between Defendants and/or their goods and services (including the

"HERBERT" branded goods) on the one hand and Coco LLC on the other, thereby injuring Coco LLC and the public.

54. Upon information and belief, Defendants have generated substantial sales and, consequently, profits from the sale of furniture and home furnishings which were achieved through the unauthorized and unlawful use of Coco LLC's H.D. BUTTERCUP Marks.

55. Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Coco Republic and to consumers, who have an interest in being free from confusion, mistake, and deception.

56. Defendants' activities described above have, at all times, been engaged in willfully and with full knowledge of Coco Republic's prior and substantial rights.

57. Coco Republic has suffered actual damages in an amount to be proven at trial, but believed to be in excess of $75,000.

58. Coco Republic has no adequate remedy at law.

**COUNT ONE**
**Against All Defendants**
**(Federal Trademark Infringement)**
**(§32(1) of the Lanham Act, 15 U.S.C § 1114(1))**

59. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 58 of this Complaint.

60. Defendants are using in commerce reproductions, copies, and colorable imitations of Plaintiff's registered trademarks (described above) in connection with the sale, offering for sale, distribution, and advertising of goods, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**COUNT TWO**
**Against All Defendants**
**(Federal Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition)**
**(§43(a)(1)(A) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A))**

61. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 60 of this Complaint.

62. Defendants' activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Plaintiff's H.D. BUTTERCUP, H.D. BUTTERCUP & design, and HERBERT trademarks, and constitute unfair competition in violation of California common law.

**COUNT THREE**
**Against All Defendants**
**(False Advertising)**
**(§43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**

63. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 62 of this Complaint.

64. In connection with the sale and distribution of the infringing products, Defendant is making false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Defendant's goods.

**COUNT FOUR**
**Against All Defendants**
**(Unfair Competition and False Advertising under California's Unfair Trade Practices Statute)**
**(§ 17200 et seq. of the Cal. Bus. & Prof. Code)**

65. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 64 of this Complaint.

66. In connection with the sale and distribution of the infringing products, Defendant is engaging in unfair methods of competition, including unlawful, unfair, and/or fraudulent acts or practices in the conduct of trade and commerce, and unfair, deceptive, untrue, and/or misleading advertising, in violation of Section 17200 et seq. of the Cal. Bus. & Prof. Code.

**COUNT FIVE**
**Against All Defendants**
**(Common Law Trademark Infringement and Unfair Competition)**

67. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 66 of this Complaint.

68. Defendant's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Plaintiff's H.D. BUTTERCUP, H.D. BUTTERCUP & design, and HERBERT trademarks, and constitute unfair competition in violation of California common law.

**COUNT SIX**
**Against Defendant Evan Cole**
**(BREACH OF NON-COMPETE AGREEMENT)**

69. Coco Republic repeats and realleges each and every allegation set forth in paragraphs 1 through 68 of this Complaint.

70. Defendant Evan Cole sold to Coco Republic all or substantially all of the operating assets of H.D. Buttercup L.P., including the full goodwill of H.D. Buttercup L.P.

71. In connection with that sale, Defendant Evan Cole entered into an agreement with Coco Inc. in which he agreed to temporary restrictions in his ability to operating a competing business in the furniture retail sales industry.

72. Defendant Evan Cole has violated his agreement with Coco Inc. by operating a competing entity in a manner not authorized by Plaintiff or any agreement he entered into with Coco Inc.

73. Defendant Evan Cole has recognized that the violation of his non-competition restrictions would cause immediate and irreparable harm to Coco Inc. for which an adequate monetary remedy does not exist, and that in the event of a breach of the terms of the Non-Compete Agreement,

Coco Inc. shall be entitled to injunctive relief restraining him from further violation without the necessity of proof of actual damage or the posting of any bond.

**PRAYER FOR RELIEF**

Wherefore, Coco Republic requests that this Court enter judgment in its favor on each any every claim for relief set forth above and award it relief including, but not limited to, the following:

1. An Order holding that Defendants' actions described above infringe Coco Republic's H.D. BUTTERCUP, H.D. BUTTERCUP & design, and HERBERT trademarks, and constitute unfair competition in violation of California common law, and that Defendants' actions constitute federal and state trademark infringement, trademark dilution, false advertising, and unfair competition as detailed above.

2. An Order preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    a. From using H.D. BUTTERCUP, H.D. BUTTERCUP & design, and HERBERT, or any other trademarks, trade names, logos, and other names or identifiers that are confusingly similar to the H.D. BUTTERCUP, H.D. BUTTERCUP & design, and HERBERT trademarks, in any manner or form, in connection with any products or services.

    b. From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any product or service offered by Defendants, or any activities undertaken by Defendants, are sponsored or approved by, or are associated, affiliated, or connected with Coco Republic in any way.

3. An Order requiring Defendants to deliver up for destruction all products containing infringing trademarks and/or false claims, including but not limited to all product and tags in its

possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives.

4. An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing trademarks and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives.

5. An Order requiring Defendants to remove all uses of HERBERT from the website located at *<herberthomeoffice.com>* and to transfer the *<herberthomeoffice.com>* domain to Coco Republic.

6. An Order directing Defendants to disclose all retailers, resellers, and consumers to whom Defendant distributed or sold the products bearing misuses of the H.D. BUTTERCUP Marks as well as products sold from retail stores bearing misuses of the H.D. BUTTERCUP Marks.

7. An Order directing Defendants to file with this Court and serve on Coco Republic's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this injunction.

8. An Order requiring Defendants to account for and pay to Coco Republic any and all profits arising from Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C. § 1117 and other applicable laws.

9. An Order requiring Defendants to pay Coco Republic damages in an amount to be determined, caused by Defendants' unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws.

10. An Order requiring Defendants to pay Coco Republic punitive damages in an amount to be determined due to the foregoing willful acts of Defendants.

11. An Order requiring Defendants to pay Coco Republic its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

12. An Order preliminarily and permanently requiring Defendant Evan Cole to immediately cease all Competing Activities which violate the terms of his Non-Compete Agreement, either directly or indirectly through Defendants Alan Cole and Ethan Cole.

13. Any such other relief as the Court may deem appropriate.

Dated: July 20, 2023

Respectfully submitted,

/s/ Kasey Bond
Kasey L. Bond (SBN 336877)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone:  513-579-6491
Fax: 513-579-6457
kbond@kmklaw.com

Attorney for Plaintiffs

12786869.4

COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF

18